**John Lynn MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50188.**

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

---

James H. Kreimeyer, Belton, for appellant.

Joe Carroll, Dist. Atty. and William P. Gibson, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

A jury convicted appellant of delivery of heroin under the Controlled Substances Act, and the court assessed his punishment at ten years.

■ Appellant's sole ground of error is that the evidence is insufficient to support the conviction since no illegal controlled substance was introduced at trial. Appellant argues that the substance introduced was never properly identified as heroin.

Ronald Tucker, an undercover narcotics agent for the Department of Public Safety, testified for the State. He stated that on May 4, 1974, the appellant approached him at a drive-in in Killeen and told Tucker that he was selling "skag," or heroin. The appellant asked Tucker if he knew anyone who might be interested in buying some "skag." Tucker expressed such an interest himself, and purchased from appellant a purported half gram of heroin for twenty-five dollars.

On May sixth, Tucker took the substance to the D. P. S. laboratory in Waco for testing. There he personally turned it over to Gary Westerman, a qualified chemist working at the laboratory. Westerman testified that he tested the substance on August 14, 1974, using six separate tests to determine if the substance was heroin. On the basis of these tests he concluded that the substance contained four percent heroin. The substance was then admitted without objection.

In *Hicks v. State*, 508 S.W.2d 400, 402 (Tex.Cr.App.1974), we wrote:

"As a general rule an object offered in evidence should not be rejected because it is not positively identified as the exact object that was connected with the crime."

See also *Salinas v. State*, 507 S.W.2d 730, 731 (Tex.Cr.App.1974); *Haggerty v. State*, 490 S.W.2d 858, 859 (Tex.Cr.App.1973).

Here Westerman positively identified State's Exhibit Number One as the package

he had received from Tucker and tested for heroin. Appellant expressly waived any objections to its admission into evidence. Appellant's contention is overruled. *Salinas v. State,* supra; *Haggerty v. State,* supra.

 However, there remains an issue not raised by appellant which we shall consider in the interest of justice. Art. 40.09(13), Vernon's Ann.C.C.P.

The record reflects that on August 21, 1974, some four weeks before this case was presented to the jury, appellant pleaded guilty to this offense. After admonishing appellant, the trial court accepted appellant's plea, found him guilty, and assessed his punishment at seven years' confinement upon the joint recommendation of the assistant district attorney and counsel for appellant. The court's docket sheet reflects that appellant was allowed to withdraw his plea of guilty and enter a plea of not guilty on September 6, 1974.

The trial before the jury began some ten days later. As noted above, the jurors were excused after the first stage of the trial. At the punishment stage, the State presented the testimony of four Killeen police officers, who testified that appellant's reputation in the community "for being a peaceable and law-abiding citizen" was bad.

The trial court then assessed appellant's punishment at ten years. The court based the admitted three year increment in punishment *solely* upon "the evidence at both phases of the trial," which, the court stated, was "a little more detailed" than it had been at the hearing on appellant's guilty plea four weeks earlier.

This is not sufficient to meet the requirements of *North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969), which requires that:

"[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those rea-

sons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

The record is absolutely devoid of any "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." It follows that the cause must be remanded for assessment of punishment in accord with the requirements of *North Carolina v. Pearce,* supra. See *Bingham v. State,* 523 S.W.2d 948 (Tex. Cr.App.1975); *Ex parte Bowman,* 523 S.W.2d 677 (Tex.Cr.App.1975), and cases there cited.

The case is remanded for a proper assessment of punishment.[1]

---

1. Because of our disposition of this case it is not necessary for us to reform the sentence, which incorrectly reflects that the jury assessed punishment.