**Daniel Dane SHIFLETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49998.**

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

Rehearing Denied Jan. 7, 1976.

Joel W. Cantrick, Court-appointed on appeal, Tyler, for appellant.

Curtis Owen, Dist. Atty., and Howard W. Britain, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was tried before the court on a plea of guilty to the offense of breaking and entering a vehicle. He was found guilty and assessed a punishment of three years' confinement by the court.

The record shows that the prosecuting attorney recommended a sentence of two years after appellant's trial before the court on June 17, 1974. The court assessed punishment at two years but, after defense counsel requested that an updated pre-sen-

tencing report be compiled for the judge's consideration, the court instructed the reporter to expunge the reference to two years' imprisonment from the record. A punishment hearing was held on July 8, 1974 and the court considered an updated pre-sentencing report and heard evidence on the issue of punishment. At the conclusion of the hearing, the prosecutor recommended and the judge assessed a punishment of three years.

Appellant's sole ground of error asserts that the longer sentence assessed by the court was in violation of the restraints imposed by *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Pearce* held that due process of law dictated that vindictiveness could not play a part in the court's sentencing of a defendant who had successfully availed himself of his statutory rights in obtaining a new trial. Therefore, any decision of the trial court to assess a greater sentence than that imposed in the earlier sentencing proceeding had to be accompanied by an affirmative showing in the record of objective conduct on the part of the defendant occurring after the time of the original sentencing proceeding and justifying a harsher sentence.

This salutary constitutional principle was followed in Texas in the case of *Miller v. State,* 472 S.W.2d 269 (Tex.Cr.App. 1971). It has been extended to constrain the trial court's imposition of sentence in a trial following the granting of a motion for new trial. *Ex parte Bowman,* 523 S.W.2d 677 (Tex.Cr.App., delivered June 4, 1975); *Payton v. State,* 506 S.W.2d 912 (Tex.Cr. App.1974). The *Pearce* principle has even been applied to a vindictive reimposition of sentence following the giving of defendant's notice of appeal. *Colburn v. State,* 501 S.W.2d 680 (Tex.Cr.App.1973). However, we decline to extend *Pearce* to the instant case. Sentences following requests for updated pre-sentencing reports are far removed from the situations originally contemplated by *Pearce* and its progeny. Consideration of pre-sentence reports is discre-

tionary with the trial judge. Art. 42.12, Sec. 4, V.A.C.C.P. A practice on the part of a trial judge in considering such reports does not elevate them to the status of a statutory right protected from infringement by *North Carolina v. Pearce.* Nor does vindictiveness appear here where the court merely followed the prosecutor's recommendation for a higher sentence. A prosecutorial request for an enhanced sentence following the grant of a new trial was held not to invoke the *Pearce* rule in *Arechiga v. State,* 469 F.2d 646 (5th Cir. 1972).

The *Pearce* rationale obviously does not apply to resentencing by a jury ignorant of a defendant's earlier trial. *Curlin v. State,* 505 S.W.2d 889 (Tex.Cr.App.1974); *Casias v. State,* 452 S.W.2d 483 (Tex.Cr.App.1970). In fact, the case of *Ex parte Mullins,* 505 S.W.2d 575 (Tex.Cr.App.1974) would appear to be dispositive of the case at bar. In *Mullins,* the petitioner claimed that the judge cumulated his sentences rather than running them concurrently, in violation of *North Carolina v. Pearce.* This Court noted that the original order for concurrent sentences had never been assessed at a formal sentencing proceeding, thus there could be no vindictive resentencing. The judge's initial assessment of two years in the instant case came immediately after appellant's trial, before his motion for new trial or waiver of the ten days therefor. There was thus no formal imposition of the two year sentence and the *Pearce* reasoning did not attach.

Appellant's ground of error is overruled and the judgment is affirmed.

ODOM, Judge (concurring).

I concur in the conclusion of the majority that no violation of the requirements of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), has been shown, but I base that conclusion upon different reasoning.

The majority observe that no formal imposition of sentence had occurred between the assessment of two years and the assess-

ment of three years, and from that fact conclude that *Pearce* does not apply. Apparently this is based upon the language in *Pearce* stating its scope of application as "whenever a judge *imposes* a more severe sentence upon a defendant after a new trial." (Emphasis added.) The imposition of sentence spoken of in *Pearce,* however, should not be taken to mean the formal imposition of sentence of Texas procedure. At least two unreasonable results would flow from such a rigid identification. First, the recognized and well-founded distinction of cases where punishment is assessed by a jury from cases where it is assessed by the court, referred to by the majority, would have to be abolished because, regardless of who assesses punishment, formal imposition of sentence is always by the court, never by a jury. The second unreasonable result of holding *Pearce* inapplicable whenever the first punishment has not been formally imposed is that the granting of a motion for new trial, which occurs between judgment and sentence, would never invoke *Pearce.* Nor would *Pearce* apply to retrial after withdrawal of a guilty plea permitted prior to formal sentencing. Yet such were apparently the facts in *Moore v. State,* 527 S.W.2d 529 (Tex.Cr.App.1975) in which this Court unanimously held *Pearce* applicable and remanded the case for proper assessment of punishment. If the rationale of the majority is sound, *Moore* apparently was decided wrongly.

I submit that both *Moore* and the instant case are properly decided upon the following rationale. *North Carolina v. Pearce,* supra, by its own language applies "whenever a judge imposes a more severe sentence upon a defendant *after a new trial.*" (Emphasis added.) In *Moore v. State,* supra, the defendant was permitted to withdraw his plea of guilty and given a new trial. In the instant case appellant was not given a new trial, not even upon the issue of punishment alone. From the record it appears that after the initial assessment of punishment appellant requested that the court withdraw his assessment and recess

the cause until a later date in order that more evidence might be presented before final assessment of punishment. The court granted appellant's request and ordered the first assessment of punishment expunged. No judgment had been entered upon the first assessment of punishment. Had judgment been previously entered, the action of the trial court would have been tantamount to vacating the punishment portion of the judgment, which would have constituted the granting of a new trial on the issue of punishment, invoking *Pearce*. However, from the facts of this case it is clear that the request and the action of the trial court, as expressed in the record and coming at the stage of the proceedings at which they did, constituted nothing more than a recess in the cause followed by a continuation of the original trial of the cause on the issue of punishment. No new trial was had on the issue of punishment. Accordingly, *North Carolina v. Pearce,* supra, was not violated.

I therefore concur in the affirmance of this case.

ONION, Presiding Judge (concurring in part and dissenting in part).

I agree with the disposition of appellant's sole ground of error, but feel compelled to comment upon the bifurcated trial proceedings used and the use of pre-sentence reports where probation is not an issue. Further, I would consider as unassigned error under Article 40.09, Section 13, Vernon's Ann.C.C.P., the *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), question reflected by this record and abate for an evidentiary hearing by the trial court.

First, I agree that assessment of the higher punishment at a so-called hearing on punishment was not in violation of *North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969), which stated in part:

". . . whenever a judge imposes a more severe sentence upon a defendant *after a new trial,* the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (Emphasis Supplied)

In the instant case there was only one trial—a plea of guilty before the court. No new trial was granted. The withdrawal of the assessment of the two (2) years' punishment upon the request of appellant's counsel for an updated pre-sentence report and the subsequent assessment of three (3) years at the so-called punishment hearing did not constitute a new trial.

It is observed that the bifurcated trial proceedings utilized here are not required where the plea of guilty is before the court after waiver of trial by jury. Article 37.07, Vernon's Ann.C.C.P., is not applicable to such proceedings. *Morales v. State,* 416 S.W.2d 403 (Tex.Cr.App.1967). Here, however, there was no objection to the bifurcated proceedings. Further, after the request for an updated pre-sentence report the court explained to the appellant that there would be a delay and no prompt assessment of punishment, and the appellant waived any right to prompt assessment of punishment.

As to pre-sentence reports, it is observed that the only statutory authority for pre-sentence reports is found in the felony adult probation statute. Article 42.12, Section 4, Vernon's Ann.C.C.P. This statute is generally utilized by courts in passing upon the issue of probation. *Rodriguez v. State,* 502 S.W.2d 13 (Tex.Cr.App.1973); *McNeese v. State,* 468 S.W.2d 800 (Tex.Cr.App.1971). In the instant case the court referred to a pre-sentence report having been made some nine or ten months earlier when the appellant was acquitted of another offense. The

court ordered an updated pre-sentence report although the issue of probation was not in issue. It appears that this was the practice of the trial court in all cases. It is observed though that no further mention is made of an updated pre-sentence report in the record at the hearing on punishment or otherwise. Whether one was prepared or not does not appear from this record.

With these observations, I agree that appellant's ground of error has been properly disposed of.

Another matter concerns me. This record shows that the trial court carefully admonished the appellant. At one point, he inquired if the appellant expected the State to make a recommendation as to punishment. The appellant replied in the affirmative, and stated he thought the State would recommend two (2) years. The court warned the appellant he was not bound by any recommendation. At the conclusion of the first hearing, the State did recommend two (2) years, and the court assessed a penalty of two (2) years. After the request for an updated pre-sentence report was made, the assessment of punishment was set side. At the subsequent so-called hearing on punishment, the State recommended three (3) years, the maximum penalty for breaking and entering a motor vehicle. The court assessed punishment at three (3) years.

In *Santobello v. New York,* supra, the United States Supreme Court vacated the judgment and remanded the case for reconsideration in light of the opinion in a situation where the State did not live up to its plea bargaining agreement that it would make no recommendation to the court as to punishment following a guilty plea. There, the court wrote:

"This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by the safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

In light of the record before us, I would abate the appeal and order the trial court to conduct a hearing to determine if the appellant bargained and negotiated his guilty plea on the condition that the State would recommend a punishment of two (2) years and would further instruct the court to make findings of fact and conclusions of law and return the same to this court together with a record of the hearing. See *Kincaid v. State,* 500 S.W.2d 487 (Tex.Cr. App.1973); *Hullum v. State,* 415 S.W.2d 192, 197 (Tex.Cr.App.1967).

It should be kept in mind that a prosecutor's promise may deprive a guilty plea of the "character of a voluntary act." *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

To the extent that the majority does not agree to abate the appeal for the reasons above stated, I dissent.