Herbert Sherril WASHINGTON,
Appellant,

v.

The STATE of Texas, Appellee.

No. 55000.

Court of Criminal Appeals of Texas.

Dec. 21, 1977.

State's Motion for Rehearing Denied
Jan. 18, 1978.

Jack J. Rawitscher and J. Edwin Smith, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Charles C. Cate, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a conviction for the offense of capital murder. Appellant was convicted of the murder of John Thomas Henry while in the course of committing robbery. On April 27, 1976, the jury answered "yes" to the special issues submitted under Article 37.071, Vernon's Ann.C.C.P. and the punishment was assessed at death.

Appellant now contends that his conviction was obtained in violation of a plea bargaining agreement which the State failed to honor because he filed a notice of appeal in two other convictions.

On January 21, 1975, appellant was indicted for capital murder. At this time, he was also indicted for aggravated robbery and the attempted murder of a peace officer. The jury selection in the capital murder case began on March 22, 1976. A jury

was sworn on April 7, 1976, and the State began its case on April 8, 1976. On April 8, 1976, the trial court called a two week recess until April 23, 1976, and the jury was excused.

On April 9, 1976, appellant entered pleas of guilty to the charges of aggravated robbery and attempted murder of a peace officer, and on the prosecutor's recommendation received fifty (50) and twenty-five (25) year sentences, respectively,[1] to run concurrently.

Subsequently, appellant filed a pro se notice of appeal in both cases on April 16, 1976.[2] Then, on April 23, 1976, trial resumed in the capital murder case and appellant was thereafter convicted and his punishment assessed at death.

He now contends that the prosecutor resumed trial in the capital murder case in violation of a plea bargaining agreement that if appellant would plead guilty to the aggravated robbery and attempted murder charges, then the State would move to dismiss the pending capital murder charge.

Although the State does not raise an objection in its brief, we note that the evidence before this Court concerning the plea bargain was taken in a hearing on appellant's objections to the record.

Upon receiving notice of completion of the record, appellant timely filed objections on September 21, 1976, stating that the record did not reflect the trial court's ruling on appellant's Motion to Perpetuate Testimony[3] nor did it reflect the reason for the two week recess, which was to take appellant's pleas of guilty in the other two cases.

The trial court held a hearing on appellant's objections and ruled that no correction to the record was required but ordered a transcription of the proceedings sent with the record to this Court. For the reasons articulated below, we will review

this evidence in ruling upon appellant's contention.

We are cognizant of our holdings in *Boykin v. State*, 516 S.W.2d 946 (Tex.Cr.App. 1974) and subsequent cases, wherein we declined to review evidence produced in a hearing on an untimely motion for new trial in the trial court. Further, in *McCall v. State*, 512 S.W.2d 334 (Tex.Cr.App.1974), we held that we would not review evidence produced in a hearing for which there was no provision in our statutes. See Article 40.09, Sec. 6, Vernon's Ann.C.C.P.

However, in the instant case a hearing on objections to the record was authorized, and was in fact mandated by statute. Article 40.09, Sec. 7, Vernon's Ann.C.C.P. Therefore, this is not the case as *Davis v. State*, 529 S.W.2d 547 (Tex.Cr.App.1975) where there was no apparent authority for the hearing held some two months after the defendant's motion for new trial was filed.

The evidence taken in the hearing on objections to the record being before this Court for review, we turn now to the merits of appellant's contention.

At the hearing, Ned Wade, appellant's trial attorney, Charles Cate and James Brough, both assistant district attorneys in Harris County, testified. The plea negotiations had been conducted by Wade and Cate, with Brough present at least part of the time.

The evidence is uncontroverted that there was a plea bargaining agreement reached between Wade and Cate. It is also undisputed that the agreement was for appellant to plead guilty to the charges of aggravated robbery and attempted murder. The prosecutor agreed, in return for the plea, to recommend to the trial court that appellant receive sentences of fifty (50) years and twenty-five (25) years, to run concurrently. Both parties testified that in consideration

1. See, *Washington v. State*, 551 S.W.2d 56 (Tex.Cr.App.1977).

2. These appeals were dismissed by this Court on appellant's motion on June 6, 1977. Therefore, these convictions are now final. *Washington v. State, supra.*

3. The Motion to Perpetuate Testimony was filed June 7, 1976. In this motion, appellant requested that he be allowed by the court to take testimony on the issue of the plea bargain.

for these pleas Cate agreed to not continue the prosecution in the capital murder case.

The agreement was performed. Appellant pled guilty and Cate made the agreed recommendation. Appellant was sentenced by the trial court, which followed Cate's recommendation. Nothing further transpired until appellant filed his pro se notice of appeal one week after he was sentenced. The trial in the capital murder case subsequently resumed.

■ Appellant argues that his prosecution in the capital murder case, in violation of the plea bargaining agreement, was an imposition of a penalty for his exercise of his right to appeal in violation of due process. See *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). It is not necessary for us to reach this contention nor the question of whether a defendant may ever, as a part of a plea bargain, waive his right of appeal before trial, since we have noticed in the interest of justice that the plea bargain was not kept by the State. See Article 40.09, Sec. 12, Vernon's Ann.C.C.P.; *Moore v. State*, 527 S.W.2d 529 (Tex.Cr.App.1975).

There is no showing in the record that appellant agreed, as a part of the bargain, to waive his right to appeal.[4] Therefore, after he pled guilty to the two charges against him, his part of the agreement was complete, and the subsequent prosecution for capital murder was a breach of the agreement and in violation of *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Wade testified that the bargain was for appellant to plead guilty to the charges and for the prosecution to make a recommendation as to sentence; that the agreement was that the State would then dismiss the capital murder charges. He further testified that after an agreement had been reached between the parties Cate unilaterally attached a "rider" to the agreement, to the effect that the capital murder case would be recessed for two weeks in order

that appellant's time for giving notice of appeal would expire. Wade stated, "As far as I was concerned it [the "rider"] was of little or no consequence, because we had a firm agreement to plead."

However, Wade stated that he understood that the bargain was for "final convictions" in the two cases, and that he communicated this to appellant. He further stated that he understood that the purpose of the recess in the capital murder case was to "determine whether or not the trial would continue." However, he stated that it was his understanding that the pending trial would be "dismissed with prejudice at such time as he had pleaded to one of the other cases."

Cate testified that was his understanding and "intention" that he would move to dismiss or terminate the capital murder case only if the convictions in the robbery and attempted murder cases became "final"; he stated that by "final" he meant convictions where no notice of appeal was given. However, appellant's attorney asked:

"Q Are you saying that your agreement was conditioned upon Herbert Washington not exercising his right of appeal?

"A [Cate]: No, because there was nothing to preclude him from exercising his right to an appeal. It was on the basis of a final conviction at that time."

Cate then stated that it was his intention that if appellant filed a notice of appeal there was to be no agreement between himself and Wade. He then stated, as Wade had, that this proceeding regarding the notice of appeal was not a part of their original agreement as to the content of the bargain.

Brough testified that he was present during negotiations between Wade and Cate, and stated,

". . . I remember distinctly stating during that conversation that we would not negotiate on the defendant's right to

---

4. Neither is there a showing in the record of *Washington v. State*, 551 S.W.2d 56 (Tex.Cr. App.1977) that appellant signed a waiver of appeal when he pled guilty to the two offenses.

**828**

appeal. That was in the presence of Mr. Wade and [Cate] . . . [A]t that time I was present and I was insisting there be no agreement based upon the right to appeal—based upon a right to appeal . . . I made an assertion to Mr. Wade that we would not bargain on his right to appeal . . ."

In light of this testimony and the fact that a written waiver of the right of appeal nowhere appears in the records of any of appellant's three convictions, we cannot conclude that appellant ever agreed, as a part of the plea bargain, to forego his right to appeal. Cf. *Mears v. State,* 557 S.W.2d 309 (Delivered November 2, 1977); *Means v. State,* 552 S.W.2d 166 (Tex.Cr.App.1977); *Ex parte Thomas,* 545 S.W.2d 469 (Tex.Cr. App.1977); *Ex parte Dickey,* 543 S.W.2d 99 (Tex.Cr.App.1976); *Ex parte Townsend,* 538 S.W.2d 419 (Tex.Cr.App.1976); *Fisher v. State,* 511 S.W.2d 506 (Tex.Cr.App.1974). Since this is not shown to be a part of the plea bargain, appellant did not breach his part of the plea bargain when he filed notice of appeal. Therefore, the State was bound by its agreement to terminate the capital murder trial. *Santobello v. New York, supra;* *McFadden v. State,* 544 S.W.2d 159 (Tex.Cr.App.1976); *Ex parte Jasper,* 538 S.W.2d 782 (Tex.Cr.App.1976). See also, *Cleaveland v. State,* 507 S.W.2d 769 (Tex.Cr.App.1974); *Colburn v. State,* 501 S.W.2d 680 (Tex.Cr.App.1973).

The only remedy available to this Court in the instant case is to reverse this conviction, which will have the effect of specifically enforcing the original plea bargain. Since the appeals in the robbery and attempted murder convictions are not before this Court, we do not have the option of reversing those convictions and allowing appellant to withdraw his pleas of guilty. See *Santobello v. New York, supra; McFadden v. State, supra; Ex parte Jasper, supra; Colburn v. State, supra.*

Accordingly, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.

VOLLERS, J., not participating.