No. _____

In the
Texas Court of Criminal Appeals
At Austin

———————————

**No.** 06-15-00215-CR

In the Court of Appeals for the
Sixth District of Texas
At Texarkana

———————————

**MICHAEL ATCHLEY,**
**Appellant**

*v.*

**STATE OF TEXAS,**
**Appellee**

———————————

**PETITION FOR DISCRETIONARY REVIEW**
**OF APPELLANT MICHAEL ATCHLEY**

———————————

Micah Belden
711 N. Travis
Sherman, TX 75090
Telephone: (903) 744-4252
Fax: (903) 893-1734
State Bar No. 24044294
Board Certified in Criminal Law
Texas Board of Legal Specialization
*Counsel for Appellant MICHAEL ATCHLEY*

RECEIVED IN
COURT OF CRIMINAL APPEALS

December 23, 2016

ABEL ACOSTA, CLERK

**TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IDENTITY OF COURT, PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

QUESTIONS PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT IN SUPPORT OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . END

# INDEX OF AUTHORITIES

**CASES**

*Doyle v. Ohio,* 426 U.S. 610 (1976) ............................................................... 5

*Ex parte Skelton,* 434 S.W.3d 709 (Tex.App.–San Antonio 2014, pet. ref'd) ... 6

*Ex. Parte Jasper*, 538 S.W.2d 782 (Tex. Crim. App. 1974) ............................ 8

*Griffith v. State,* 55 S.W.3d 598 (Tex.Crim.App.2001) ................................. 5

*Hardie v. State,* 807 S.W.2d 319 (Tex.Crim.App.1991) ................................ 6

*Miranda v. Arizona,* 384 U.S. 436 (1966) ..................................................... 5

*Sanchez v. State*, 707 S.W.2d 575 (Crim. App. 1986) .................................. 5

*Wainwright v. Greenfield,* 474 U.S. 284 (1986) ........................................... 5

## IDENTITY OF COURT, PARTIES AND COUNSEL

The following is a complete list of all parties to the Trial Court's Judgment and their counsel in the Trial Court:

**TRIAL COURT:**

336th District Court
Hon. Laurine Blake
101 E. Sam Rayburn, Suite 200
Bonham TX 75418
P.: (903) 583-2863
F.: (903) 640-1826

**THE STATE OF TEXAS** / Appellee:

Mr. Richard Glaser
Don Hoover, ADA
101 E. Sam Rayburn, Suite 301
P.: (903) 583-7448
F.: (903) 583-7682

**MICHAEL ATCHLEY** /Appellant:

Mr. Micah Belden
Attorney at Law
711 N. Travis
Sherman, TX 75090
P.: (903) 744-4252
F.: (903) 893-1734

**To The Honorable Court of Criminal Appeals of Texas:**

## STATEMENT REGARDING ORAL ARGUMENT

Appellant waives oral argument.

## STATEMENT OF THE CASE

Michael Atchley pled not guilty in the 336th Judicial District Court of Fannin County, Texas to the charge of felony bail jumping - failure to appear, and trial was had to a jury. He was convicted of the same on November 13, 2015, and the jury assessed his punishment at ten years confinement.

## STATEMENT OF PROCEDURAL HISTORY

A panel of the Sixth Court of Appeals affirmed the court's trial court's judgment on November 23, 2016 in an unpublished opinion. No motion for rehearing was filed. No mandate has issued. Appellant now files his petition for discretionary review.

## QUESTIONS PRESENTED FOR REVIEW

1. **THE COURT OF APPEALS ERRED IN NOT REVERSING THE CASE DUE TO EVIDENCE OF POST ARREST SILENCE OF MICHAEL ATCHLEY IN HIS NOT RESPONDING TO THE JUDGMENT NISI.**

2. **THIS COURT SHOULD CORRECT THE JUDGMENT TO REFLECT MR. ATCHLEY'S BACK TIME FROM MARCH 20, 2015.**

## ARGUMENT IN SUPPORT OF REVIEW

The State called Assistant District Attorney Ben Kaminar, who prosecuted the bond forfeiture allegation of Mr. Atchley, to testify as an expert witness as to the bond forfeiture proceedings against Mr. Atchley. Counsel objected to this line of testimony "as to Mr. Atchley's lack of response to the civil case as a violation of the Fifth Amendment *and* Mr. Atchley's right to remain silent…"

4

In preliminary questioning, Mr. Kaminar said his testimony would be relevant to the jury in that many of the legal defenses available in the forfeiture proceeding are available in the criminal case. The State asked him if he ever received an answer from Mr. Atchley in the bond forfeiture, which he did not, and no excuse was presented for Mr. Atchley's failure to appear. This testimony was not limited to Mr. Atchley's pre-arrest silence, but also included post-arrest silence up to the date of trial.

Officer Caleb Hackney testified that he arrested Mr. Atchley on March 20, 2015 for bail jumping, as well as the underlying offense of assault family violence. RR 3 217-218. Mr. Atchley did not bond out on either charge.

Mr. Atchley had a Federal Constitutional right to remain silent after arrest and *Miranda*, and a Texas Constitutional right to remain silent after arrest whether *Mirandized* or not. *Sanchez v. State*, 707 S.W.2d 575 (Crim. App. 1986). The admission of Mr. Kaminar's testimony that Mr. Atchley had a duty to respond to the judgment nisi, and the testimony that he did not, was a violation of Mr. Atchley's right to remain silent. It is fatal to the state's case that the testimony was not limited to pre-arrest silence. The use of post-arrest silence violates the right to be free of self-incrimination, and is not probative as an instance prior inconsistent conduct. *Id.*, at 578.

It is indisputable that Mr. Atchley had a right to remain silent after arrest. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). "The guaranty of fundamental fairness in the Due Process Clause forbids the government from making the *Miranda* promises and breaking them by using a suspect's exercise of a right as evidence against him." *Griffith v. State,* 55 S.W.3d 598, 605 (Tex.Crim.App.2001) (citing *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)); *see also Wainwright v. Greenfield,* 474 U.S. 284, 295, 106 S.Ct. 634, 640, 88 L.Ed.2d 623 (1986) ("What is impermissible is the evidentiary use of

5

an individual's exercise of his constitutional rights after the State's assurance that the invocation of those rights will not be penalized."). Use of a defendant's silence for either substantive or impeachment value is constitutionally prohibited; it is fundamentally unfair to simultaneously afford a suspect a constitutional right to silence following his receipt of his *Miranda* warnings and then allow the implications of that silence to be used against him. *Doyle,* 426 U.S. at 619, 96 S.Ct. at 2245. Silence "does not mean only muteness; it includes the statement of a desire to remain silent." *Wainwright,* 474 U.S. at 295 n. 13, 106 S.Ct. at 640 n. 13.

Introduction of a defendant's express invocation of his right to remain silent is prejudicial to a defendant because the introduction of such evidence invites the jury to draw an adverse inference of guilt from the exercise of a constitutional right. *See Hardie v. State,* 807 S.W.2d 319, 322 (Tex.Crim.App.1991); *Ex parte Skelton,* 434 S.W.3d 709, 719 (Tex.App.–San Antonio 2014, pet. ref'd). In other words, the probable collateral implication of a defendant's invocation of his right to remain silent is that he is guilty. *See Skelton,* 434 S.W.3d at 719. It follows that, if a defendant invokes his right to remain silent after receiving his post-arrest *Miranda* warnings, the State cannot use the defendant's invocation of his constitutionally-protected right to remain silent as evidence of his guilt at trial. *See Hardie,* 807 S.W.2d at 322; *Skelton,* 434 S.W.3d at 719.

Counsel objected to the Fifth Amendment violation *and* the violation of Mr. Atchley's Texas right to remain silent above, outside the presence of the jury following the 702 hearing on Mr. Kaminar's testimony. The Court nevertheless allowed Mr. Kaminar to testify with no restrictions. Counsel objected to the Fifth Amendment violation again on Mr. Kaminar's testimony in front of the jury regarding Mr. Atchley's duty to respond to the judgment nisi, and

6

Mr. Atchley's failure to *ever* respond to the allegations or provide an excuse on his failure to appear.

Under Texas Code of Criminal Procedure 15.17, Mr. Atchley would have been *Mirandized* on the failure to appear/bail jumping no later than October 2, 2015. Mr. Kaminar's testimony included Atchley's silence between October 2, 2015 and the end of the State's evidence. The question was not whether Mr. Atchley answered the NISI by the due date, as the Court of Appeals focused on, but on whether he *ever* answered:

> Q. Okay. Did you ever receive any notice from the principal, Mr. Atchley, about any kind of reason or excuse for failing to appear on February 25th of this year?
> MR. BELDEN: Your Honor, I'll object under the Fifth Amendment.
> THE COURT: The objection is overruled. You may answer.
> A. (By the Witness) No, I did not.

RR 3 p. 159.

As the Court of Appeals noted in its opinion, Mr. Kaminar testified that he *never* received any response from Mr. Atchley to the judgment NISI, but did receive a response from the bondsman. It then goes on to hold that only Mr. Atchley's pre-arrest silence was introduced at trial. However, this is inconsistent with Officer Hackney's testimony that he arrested Mr. Atchley for bail jumping on March 20, 2015. Mr. Atchley's failure to respond to the judgment nisi between March 20, 2015 and the close of the State's evidence was post-arrest silence. Mr. Atchley's failure to respond to the judgment NISI between October 2, 2015, and the close of the State's evidence was evidence of post-arrest silence.

Michael Atchley respectfully requests that this Court grant discretionary review and correct this Constitutional error.

7

**Time Credit**

Additionally, Caleb Hackney testified he arrested Mr. Atchley specifically for this charge of bail jumping on March 20, 2015. The judgment below only reflects 85 days back time credit. However, Mr. Atchley was in continuous custody from March 20, 2015, to the date of judgment of November 13, 2015. Mr. Atchley's sentence was not "stacked" until that day.

Article 42.03, section 2 of the Texas Code of Criminal Procedure provides, in pertinent part, as follows:

> (a) In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent: (1) in jail for the case, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court…

Mr. Atchley respectfully requests, in the event this conviction is not overturned, that the judgment be amended to show 238 days of back time credit as of November 13, 2015 on the bail jumping – failure to appear charge.

Since Officer Hackney testified that he arrested Atchley for "bond jumping" on March 20, 2015, and the Court issued warrants for Mr. Atchley's failure to appear in this case, Atchley should receive back time credit to the date of arrest. It is not a normal procedure to issue a new warrant for the crime of failure to appear, and Mr. Atchley getting credit only to the time he is booked in on indictment offends due process, much like the prisoners in *Ex. Parte Jasper*, 538 S.W.2d 782 (Tex. Crim. App. 1974) who were serving time in Louisiana with detainers from Texas.

**PRAYER FOR RELIEF**

Mr. Atchley respectfully prays that this Honorable Court of Criminal Appeals review the entire record from all the proceedings below and grant this Petition for Discretionary Review.

Respectfully submitted,

___/s/_____
Micah Belden
711 N. Travis
Sherman, TX 75090
Telephone: (903) 744-4252
Fax: (903) 476-5555
State Bar No. 24044294
Board Certified in Criminal Law
Texas Board of Legal Specialization
*Counsel for Appellant MICHAEL ATCHLEY*

## CERTIFICATE OF SERVICE

I do hereby certify that on this December 23, 2016, a true and correct copy of this Petition for Discretionary Review of Appellant MICHAEL ATCHLEY, was forwarded by first class mail to:

Don Hoover
Assistant Fannin County District Attorney
101 E. Sam Rayburn, Third Floor
Bonham, TX 75418

Counsel for Appellee State of Texas
State Prosecuting Attorney
P.O. Box 12405
Austin, TX 78711

_____/s/_____
Micah Belden

## CERTIFICATE OF COMPLIANCE

I certify that this document conforms with the word count requirements of the Texas Rules of Appellate Procedure, containing 2,089 words which are not exempted under the rules.

_____/s/_____
Micah Belden