**Ex parte Adan P. ALVAREZ.**

**No. 49678.**

Court of Criminal Appeals of Texas.

Feb. 26, 1975.

Davie L. Wilson, Houston, for appellant.

Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Petitioner Adan P. Alvarez filed a post-conviction application seeking credit on his felony conviction in the district court of Nueces County for time spent in custody prior to his removal to the Nueces County jail on bench warrant.

The pertinent facts are set forth in the Findings of Fact and Conclusions of Law filed by Judge Noah Kennedy, who presided over the hearing on petitioner's application. The findings and conclusions which are sustained by the evidence are as follows:

"I.

"Petitioner was charged with Burglary occurring on or about November 19, 1971, in Nueces County, Texas. Petitioner was arrested on a felony complaint and thereafter bonded out.

"II.

"Petitioner was subsequently arrested and charged in Harris County, Texas, on April 18th, 1973. Petitioner plead guilty before the Honorable I. D. McMasters of the 179th District Court, Harris County, Texas, on November 13, 1973, in Cause No. 180567 and No. 180568, Burglary and Felony Theft. Judge McMasters sentenced the Petitioner to two, three-year sentences, to run concurrently and with credit for jail time in Harris County, that is sentence runing (sic) from April 18, 1973.

"III.

"On August 1st, 1973, the Nueces County District Attorney's Office was contacted by one, Claude Hazel of Houston, Texas, who represented himself to be the attorney for the Petitioner. The said Claude Hazel, for Petitioner, and Assistant District Attorney, John Potter, for the State, agreed to a plea of guilty to the Nueces County complaint running

concurrent with the conviction against defendant in Harris County, if for hard time.

"IV.

"On October 31st, 1973, the Nueces County District Attorney's Office was contacted by Davie Wilson of Houston, Texas, who represented that he was Petitioner's counsel in Harris County, and that Mr. Claude Hazel no longer represented the Petitioner; It was agreed between Mr. Wilson, for Petitioner, and Assistant District Attorney, Hector De Pena, Jr., for the State, that Petitioner was pleading to the Harris County charges for three years 'hard time,' and that the Petitioner was to be bench warranted to Nueces County for a plea to run concurrent with the Harris County conviction.

"V.

"Petitioner plead to the Harris County charges on November 13, 1973, and was transferred to the Texas Department of Corrections; On November 27th, 1973, a bench warrant issued from the 105th Judicial District Court for the return of Petitioner to Nueces County, Texas; Petitioner was returned to Nueces County, Texas, on December 12th, 1973.

"VI.

"Petitioner requested Court-appointed counsel; Ed Williams of Corpus Christi was appointed by the Court to represent the Petitioner in Nueces County; Petitioner plead guilty before the Honorable Jack Blackmon, Judge Presiding, in Cause No. 74–CR–3, State of Texas vs. Adan Alvarez, in the 105th Judicial District Court of Nueces County, Texas.

"VII.

"Petitioner's plea of guilty in Cause No. 74–CR–3 resulted in Judge Blackmon following the State's recommendation of a three-year prison term, running concurrent with the two prior Harris County convictions; Ed Williams, Petitioner's attorney, argued on the defendant's behalf to be allowed credit for time served in Harris County Jail; the Honorable Jack Blackmon, Judge Presiding, denied that request, giving Petitioner credit for time served in the Nueces County Jail awaiting trial; the State, in good faith, had recommended credit from time of the Harris County judgment, with this being also rejected.

"VIII.

"The Court finds that the mutual extent of the agreement between the State and Petitioner's Harris County attorney is set out in paragraph IV. above, and that any further agreements were not mutual in nature and that no bad faith negotiation existed on either party's part.

"IX.

"The Court further finds that Judge Blackmon was fully appraised (sic) of the Petitioner's request, but chose to reject the requested credit for jail time in Harris County, but rather gave credit for time served in Nueces County Jail awaiting trial in Cause No. 74–CR–3; the Court further finds that the judgment entered by Judge Blackmon correctly reflects the decision made by the Judge in Cause No. 74–CR–3.

"X.

"The Court finds that the jail time served by Petitioner in Harris County was done pursuant to charges pending in that county; that Petitioner was transferred to the Texas Department of Corrections to serve his Harris County sentences prior to the issuance of the Nueces County bench warrant."

Appellant does not challenge any of the court's fact findings.

Article 42.03, Vernon's Ann.C.C.P., effective August 27, 1973, provides in part as follows:

"Sec. 2. In all criminal cases the judge of the court in which the defendant was convicted *shall* give the defendant credit on his sentence for the time that the defendant has spent in jail *in said cause,* from the time of his arrest and confinement until his sentence by the trial court." (Emphasis added.)

The above statute is mandatory, and applies to all cases in which sentence was rendered after its effective date. Harrelson v. State, Tex.Cr.App., 511 S.W. 2d 957; Guerra v. State, Tex.Cr.App., 518 S.W.2d 815 (1975).

The trial court who heard this application found that after complaint was filed in Nueces County on the burglary charge petitioner was arrested and "thereafter bonded out." He was later arrested in Harris County on April 18, 1973, on felony indictments pending in Harris County.

Credit for jail time against the Nueces County conviction depends entirely upon petitioner being in jail in *that* cause. He was first arrested in Harris County on a case from Harris County. Until there was some change in the status or cause for his detention in Harris County, he would be entitled to no jail credit for time in the Harris County jail in any other case than that for which he was being held. The simple fact of communication between petitioner's counsel and the Nueces County prosecutor, referred to in paragraph III of the trial court's findings, would not change the status or cause for his detention. Unless there was some communication or hold sent to the Harris County custodian, there would be no change in the basis for his confinement. The mere agreement between petitioner's counsel and the Nueces County prosecutor would not have prevented petitioner's lawful release from custody by the Harris County custodian upon an acquittal in the Harris County case. It would seem clear, on the facts before us, that petitioner was not being held in Harris County for the Nueces County case.

The first assertion of Nueces County jurisdiction after his initial detention in Harris County came after he was transferred to the Department of Corrections, when a bench warrant issued on November 27, 1973. From the findings of fact it appears that warrant was executed by the return of petitioner to Nueces County on December 12, 1973. Petitioner would be entitled to jail time credit under Article 42.03, supra, only from this date. He was given credit from this date. Accordingly, upon the unchallenged facts found by the hearing court, petitioner is entitled to no additional credit.

Additional jail time credit is denied.