Ex parte Hampton M. NEWELL.

No. 60832.

Court of Criminal Appeals of Texas, En Banc.

April 11, 1979.

Rehearing Denied July 11, 1979.

Carol S. Vance, Dist. Atty., and Douglas M. O'Brien, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is a post-conviction application for habeas corpus brought pursuant to Art. 11.-07, V.A.C.C.P.

Petitioner was convicted in November of 1969 in cause number 130562 in the 180th Judicial District Court of Harris County, and was sentenced to 30 years. On November 28, 1978, this application was filed with the convicting court alleging that in 1973 he escaped from the custody of the Texas Department of Corrections, and that a brief time later he was captured in Tennessee, where he was held for several months under a detainer from the Texas Department of Corrections until he was returned to their physical custody on July 27, 1974. He requests relief in the form of flat time and good time credit against his sentence in cause number 130562 for the time he was in constructive custody of the Texas Department of Corrections by virtue of the detainer placed on him in Tennessee. He cites *Ex parte Spates*, Tex.Cr.App., 521 S.W.2d 265; *Ex parte Jasper*, Tex.Cr.App., 538 S.W.2d 782; and *Ex parte Williams*, Tex.Cr.App., 551 S.W.2d 416.

In *Ex parte Williams*, supra, petitioner sought good time credits against his state conviction for time spent in federal custody after the state conviction was obtained. In that case no escape was involved. Williams had been convicted in state court and then transferred to federal authorities where he was convicted and incarcerated for over five years in a federal institution before his return to state custody to serve the balance of his punishment on the state conviction. This Court wrote:

" 'But for' the federal conviction, petitioner would have been transferred to the Department of Corrections when the State conviction became final. The fed-

eral incarceration precluded 'physical custody' but petitioner was still in 'constructive custody' of the Department of Corrections. As petitioner did not have his choice of custodian, it is repugnant to Article I, Section 19, of the Texas Constitution to deny him credit for good conduct while in the federal institution."

*Ex parte Spates* and *Ex parte Jasper*, supra, likewise did not involve escape situations. At issue in *Ex parte Jasper* was good time credit for pretrial incarceration in Louisiana after a detainer was filed by Texas authorities, and the Court wrote:

"In the case at bar the State of Texas placed its detainer upon the petitioners on March 19, 1970; therefore, since the petitioners were in 'constructive custody' of the State from that day forward, they were entitled also to consideration by the Texas Department of Corrections for good time credits under Article 6184*l* [V.A.C.S.]."

Spates was awarded credit against a Taylor County conviction for time in custody in Harris County and Fort Bend County from the date Taylor County authorities placed a hold on her for that cause.

Although none of these prior cases involved an escape situation, we do not consider that distinction material. The controlling fact in each case was the existence of constructive custody of the petitioner by virtue of a hold or detainer for the cause in which credit was sought. The facts alleged by petitioner here are within that common rule that runs through *Spates-Jasper-Williams*.

The State filed an answer admitting facts regarding petitioner's escape, capture, and constructive custody in Tennessee, and the district court entered an order finding that petitioner was in constructive custody of the Texas Department of Corrections from when the detainer was placed on him on September 11, 1973, until he was returned to physical custody on July 27, 1974. We therefore hold appellant is entitled to credit and to consideration for good time credit for the time he was in constructive custody of the Department of Corrections. A copy of this opinion will be sent to the Texas Department of Corrections.

It is so ordered.