**Ex parte Michael Angle PIZZALOTA.**

**No. 65959.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 19, 1980.

Rehearing Denied Jan. 28, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Art. 11.-07, V.A.C.C.P. Petitioner contends that he has been denied jail time credit to which he is entitled.

The record reflects that on July 7, 1972, petitioner was arrested on a charge of robbery by assault. On July 11, 1973, he was convicted on this charge and received a fifteen year sentence. On June 21, 1974, petitioner was sentenced to two years on a federal conviction with the sentence providing that it was to be served after petitioner had been released from state confinement relative to his robbery conviction. On July 19, 1974, petitioner was released by the Sheriff's Department of Harris County to federal officials to begin service of his federal sentence.

Upon his release to federal authorities, petitioner was detained at the federal penitentiary at Texarkana. Petitioner alleges that in February of 1975, Texas authorities placed a detainer with the federal authorities indicating that upon completion of his federal sentence, he was to be returned to Texas authorities relative to his outstanding state robbery sentence. The only evidence offered in connection with the date such a hold or detainer was actually placed is a letter from officials at the federal penitentiary in Leavenworth, Kansas, indicating that petitioner was received in their custody from Texarkana on June 5, 1975. The letter states that petitioner's prison records from Texarkana included a warrant filed by the Harris County Sheriff's Office. There is no indication as to the date upon which the warrant was actually filed.

Despite the fact that such warrant had been placed and a subsequent demand for extradition made by the Governor of this State, petitioner was released from federal custody on January 13, 1976. There is no indication that such release came about due to fault or negligence on petitioner's part. Following his release from federal custody, petitioner was not incarcerated on his robbery conviction until January 29, 1979, when he was arrested in Tyler at the request of officials in Harris County. He was returned to Houston on February 4, 1979 so that he could be transferred to the Texas Department of Corrections to begin serving his state robbery sentence.

Petitioner has been awarded jail time credit on his sentence from the time of his initial arrest on July 7, 1972, until he was released to federal authorities on July 19, 1974. He has additionally been given credit from the time of his return to Houston from Tyler on February 4, 1979.

Initially, petitioner contends that he is entitled to jail time credit from the time of his release by federal authorities on January 13, 1976, until he was arrested in Tyler on January 29, 1979. Petitioner was not placed in a jail, prison or penitentiary relative to his robbery sentence during this period.

In *Ex parte Esquivel*, Tex.Cr.App., 531 S.W.2d 339, this Court held that when a prisoner is erroneously released due to no fault of his own, he is entitled to flat time credit for the time he was out of custody. Also see *Ex parte Tarlton*, Tex.Cr.App., 582 S.W.2d 155; *Ex parte Downey*, Tex.Cr. App., 471 S.W.2d 576.

As stated above, petitioner was released from federal custody despite the detainer and extradition demand from this State. Such release appears to have come about as a result of clerical error and not any type of fault or deception attributable to petitioner. We find that petitioner is entitled to flat time credit toward the completion of his sentence from January 13, 1976, until January 29, 1979.

Petitioner next contends that he is entitled to jail time credit on his robbery sentence from the time of his transfer to federal custody on July 19, 1974, until his release from federal custody on January 13, 1976. Although petitioner alleges that a detainer was placed with federal authorities in February of 1975, the only evidence offered at the habeas hearing relative to this allegation was a letter stating that on June 5, 1975, petitioner's federal prison records contained a warrant from the Harris County Sheriff's Office. No evidence was offered as to the date the warrant was actually received.

In *Nixon v. State*, Tex.Cr.App., 572 S.W.2d 699, the defendant raised a contention concerning jail time credit while in the constructive custody of another jurisdiction, and the Court stated:

"Appellant complains that he was denied jail time credit from July 28, 1975, to June 4, 1976. Appellant was credited with time from March 25, 1975, to July 28, 1975, while he was held in the Liberty County jail. He was then transferred to the Polk County jail, received a sentence there and was sent to the Texas Department of Corrections.

"Appellant is entitled to all time spent in jail 'on said cause.' Article 42.03, V.A.C. C.P.; *Harrelson v. State*, 511 S.W.2d 957 (Tex.Cr.App.1974). However, when he is confined by another jurisdiction, he is confined 'on said cause' only if a detainer or hold is lodged against him. *Ex parte Alvarez*, 519 S.W.2d 440 (Tex.Cr.App. 1975); *Ex parte Spates*, 521 S.W.2d 265 (Tex.Cr.App.1975).

"The record fails to reflect that a hold was placed by Liberty County with either Polk County or the Department of Corrections. Based on the record, appellant is entitled to no additional time. If in fact a hold was placed, appellant should be credited with all such time." *Nixon v. State*, supra at 701.

■ In the instant case, petitioner had the burden of establishing his allegations by a preponderance of the evidence. See *Ex parte Raines*, Tex.Cr.App., 555 S.W.2d 478.

Petitioner merely established that the warrant had been placed with federal authorities as of June 5, 1975. In *Ex parte Newell*, Tex.Cr.App., 582 S.W.2d 835, we stated that the controlling fact in each case was the existence of constructive custody of the petitioner by virtue of a hold or detainer for the cause in which credit was sought.

Therefore, petitioner has failed to prove that he was in constructive custody from July 19, 1974, until the first evidence of a hold actually being in existence on June 5, 1975. However, we find that due to the warrant placed with federal officials by the Harris County Sheriff's Office, petitioner was in the constructive custody of the State of Texas from June 5, 1975, until his release from federal custody on January 13, 1976.

The record reflects that petitioner is now in the custody of the Texas Department of Corrections. Therefore, under our holding in *Ex parte Williams*, Tex.Cr.App., 551 S.W.2d 416, he is now entitled to consideration for good time credit with regard to the time he was in constructive custody of this State although actually incarcerated in a federal penitentiary.

■ Finally, petitioner is entitled to jail time credit from the time of his arrest in Tyler on January 29, 1979, until his return to Houston on February 4, 1979. During this period of time, petitioner was being held upon the request of Harris County officials so that he could ultimately be transported to the Texas Department of Corrections in order to serve the sentence resulting from his robbery conviction.

The relief sought relative to the conviction in Cause No. 181273 in the 180th Judicial District Court of Harris County is granted in part. In addition to the jail time credit previously allowed, petitioner is entitled to flat time credit from June 5, 1975, until February 4, 1979, and consideration by the Department of Corrections for good time credits for the periods of June 5, 1975, until January 13, 1976, and January 29, 1979, until February 4, 1979.

It is so ordered.