**Charles Van BROWN, Relator,**

v.

**Hon. Olen UNDERWOOD, Respondent.**

**No. 09–87–184 CV.**

Court of Appeals of Texas,
Beaumont.

March 17, 1988.

Charles Van Brown, pro se.

Anthony K. Bernardino, and Thomas D. Glenn, Asst. Dist. Attys., Conroe, for respondent.

## OPINION

BROOKSHIRE, Justice.

At the threshold, we are met with a consideration of our jurisdiction to issue writs of mandamus in criminal cases. In *Dickens v. Ct. of App., 2nd Sup.Jud.Dist.*, 727 S.W.2d 542, 546, 548 (Tex.Crim.App. 1987), we find the court holding:

> "The courts of appeals 'shall have such other jurisdiction, original and appellate, as may be prescribed by law.' Tex. Const. art. 5, Sec. 6. The Legislature has provided that '[e]ach court of appeals may issue *all* writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district or county court.' V.T.C.A., Government Code Sec. 22.221(b) (Pamphlet 1987) (emphasis added). Given the plain language of the statute, it would seem that courts of appeals have original jurisdiction to issue writs of mandamus against any judge of a district or county court, with-

out any restriction upon the subject matter of the writ.

. . . .

"Both Article 1824, supra, and sec. 22.-221(b), supra, specifically provides that the courts of appeals may issue 'all' writs of mandamus against a district or county judge. The word 'all', when 'construed according to the rules of grammar and common usage,' sec. 311.011, supra, removes any jurisdictional restriction upon the subject matter of the writ. Therefore, on their face, neither Article 1824, supra, nor sec. 22.221(b), supra, exclude criminal law matters from mandamus jurisdiction in the courts of appeals.

See *Wolff v. Thornton* [670 S.W.2d 764, 765 (Tex.App.—Houston] [1st] 1984) ("The statute contains no language limiting [courts of appeals'] mandamus jurisdiction to civil cases."). Such clear, unrestricted language must be given its plain meaning without resort to whatever speculative conclusions might result from applying statutory construction aids. Therefore, we hold that the courts of appeals, pursuant to sec. 22.221(b), supra, have mandamus jurisdiction over criminal law matters concurrent with the mandamus jurisdiction of this Court."

(Emphasis theirs)

*See Thi Van Le v. Perkins,* 700 S.W.2d 768 (Tex.App.—Austin 1985), affirmed in *Perkins v. Court of Appeals,* 738 S.W.2d 276 (Tex.Crim.App.1987). We hold that our Court of Appeals now clearly possesses mandamus jurisdiction in criminal cases and criminal law matters.

On September 2, 1987, we granted the Relator's Motion for Leave to File a Petition for Writ of Mandamus. The Relator, basically, was seeking to have this court order the Honorable Olen Underwood, District Judge, Respondent, to credit the Relator with an additional 106 days of time in jail. Relator set forth, in his Petition for Writ of Mandamus, that he had filed a Motion for Jail Time under *TEX.CODE CRIM.PROC.ANN. Art. 42.03, sec. 2* (Vernon 1979 and Vernon Supp.1987), with the 284th Judicial District Court of Montgom-

ery County, *but allegedly no action had been taken* on the said motion.

The Appellant filed this Motion for Jail Time in reference only to Cause No. 87–04–00285 CR, which is the forgery by passing offense. In substance, the "Motion for Jail Time" alleges that Brown was arrested on October 17, 1986, and he spent from that date until January 31, 1987, in the Montgomery County Jail, totaling, according to Relator's pleadings and allegations, 106 days and, hence, Relator claimed a right to 106 days credit that he had not received. This first arrest was for several indicted burglaries—not the forgery offense. Respondent's motion and attached judgments credit 129 jail time days to Brown. This jail time credit is in Cause No. 87–02–00114, the burglary offenses (not on the forgery by passing offense.)

From the judgments and documents attached to the Respondent's motion, we surmise that the Relator was given 33 days actual jail time when he was arrested in March of 1987 on the forgery by passing offense. The check involved was not passed until February 12, 1987, subsequent to the time the Relator was released on bond from the several burglary offenses. This bond was made and approved on January 31, 1987. Hence, we surmise that the District Judge gave Relator jail time—two days' credit for one day spent—that is, one day for the burglaries and one day for the forgery by passing, after he was arrested a second time.

*TEX.CODE CRIM.PROC.ANN. Art. 42.-03, sec. 2(a)* (Vernon Supp.1988) provides:

"Sec. 2(a) In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent *in jail in said cause,* from the time of his arrest and confinement until his sentence by the trial court." (Emphasis added).

Further, in *Dickens, supra,* the court held, at page 548:

"After this Court was granted the broad authority to issue original writs of mandamus in 1978, we adopted the traditional two-part test for determining

whether mandamus might issue. *State ex rel. Vance v. Routt,* 571 S.W.2d 903 (Tex.Cr.App.1978). To obtain relief through writ of mandamus, a relator must establish that 1) no other adequate remedy at law is available and 2) that the act he seeks to compel is ministerial, rather than discretionary, in nature. *Id.*; see also, *Ordunez v. Bean,* supra 579 S.W.2d [911] at 913 [Tex.Cr.App.1979]." (Emphasis theirs)

The District Judge signed an order dated December 10, 1987, finding, inter alia, the following relevant facts:

"I.

"That on October 28, 1986, Defendant was arrested for the offense of Burglary of a Building in Cause No. 87–02–00114CR;

"II.

"That Defendant posted bond and was released from custody in Cause No. 87–02–00114CR on January 31, 1987;

"III.

"That Defendant was re-arrested on March 15, 1987, and held to answer to the indictment pending against him in Cause No. 87–02–00114CR, as well as a new allegation of forgery by passing, alleged to have occurred on February 12, 1987, in Cause No. 87–04–00285 CR;

"IV.

"That on April 16, 1987 Defendant entered pleas of guilty in Cause Nos. 87–02–00114 CR and 87–04–00285 CR, said pleas being made freely and voluntarily after proper admonishment, and in conjunction with said pleas of guilty swore, in a stipulation of evidence, that the offense in Cause No. 87–04–00285 CR occurred on February 12, 1987;

"V.

"That Defendant was given jail time credit in Cause No. 87–02–00114CR for 129 days (October 28, 1986 through January 31, 1987 and March 15, 1987 through April 16, 1987), and jail time credit in Cause No. 87–04–00285 CR for 33 days (March 15, 1987 through April 16, 1987)."

■ The trial court, in effect, concluded that the wording of *TEX.CODE CRIM. PROC.ANN. Art. 42.03, sec. 2(a)* (Vernon Supp.1988), was mandatory. This section uses the phrase:

"[T]he judge ... shall give the defendant credit ... for the time that the defendant has spent in jail in said cause ..."

The word "shall" has been construed as being mandatory. Hence, we think that the writ of mandamus jurisdiction was initially invoked. We conclude that the trial judge was fully fair in crediting Relator with jail time.

■ We recognize that, traditionally, this type of proceeding has been accomplished by a post-conviction writ of habeas corpus, pursuant to *TEX.CODE CRIM. PROC.ANN. Art. 11.07* (Vernon 1977 and Vernon Supp.1988). *Ex Parte Pizzalota,* 610 S.W.2d 486 (Tex.Crim.App.1980) establishes the precedent that a writ of habeas corpus is a proper means of seeking jail time credit in the Court of Criminal Appeals. We hold, however, that the writ of habeas corpus, pursuant to *TEX.CODE CRIM.PROC.ANN. Art. 11.07* (Vernon 1977 and Vernon Supp.1988), is now not the exclusive remedy.

Our Supreme Court has adopted and announced the clear abuse of discretion standard when reviewing the writ of mandamus action of the Court of Appeals in civil proceedings. *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105 (Tex.1985). We conclude that the Court of Criminal Appeals has adopted the same standard. *Houlihan v. State,* 579 S.W.2d 213 (Tex.Crim.App. 1979); *Dickens, supra.*

Hence, we deny the relief requested by the Relator, Brown, and we decline to issue his sought-after writ of mandamus.

DENIED.

BURGESS, Justice, dissenting.

I respectfully dissent to the *manner* by which the majority disposes of this manda-

mus action. Relator sought alternate remedies. He first sought a mandamus order from this court requiring the district court of Montgomery County to credit him with jail time. In the alternative, he sought an order from this court requiring the district court to consider and rule on his motion for jail time filed below. The majority now writes on the merits of the primary pleading.

This is neither well-founded nor necessary. I do not believe it is well-founded because this is not a matter wherein mandamus lies. I do not quarrel with the general proposition stated by our court of criminal appeals in *Dickens v. Ct.App., 2nd Sup.Jud.Dist.,* 727 S.W.2d 542, 547 (Tex. Crim.App.1987) and *Perkins v. Ct.App., 3rd Sup.Jud.Dist.,* 738 S.W.2d 276, 281 (Tex.Crim.App.1987) in that mandamus may lie in criminal law matters. This general proposition does not lessen the standard that mandamus will lie only if no other adequate remedy or law is available and the act sought to be compelled is ministerial rather than discretionary in nature. *Id.* Further, an act is ministerial if it constitutes a duty clearly fixed by law and can be accomplished without the exercise of judgment. *Id.*

In the instant case, I do not believe this court could issue a writ of mandamus concerning the subject matter of credit for jail time. First, as noted by the majority, this has historically been accomplished by post-conviction writ of habeas corpus in accordance with *TEX.CODE CRIM.PROC.ANN. art. 11.07* (Vernon 1977 & Supp.1988). *See Ex parte Pizzalota,* 610 S.W.2d 486 (Tex. Crim.App.1980). To even analyze the factual contentions in a mandamus proceeding establishes an imprudent precedent. Second, while the granting of jail time is mandatory under *TEX.CODE CRIM.PROC. ANN. art. 42.03* (Vernon 1979 & Supp. 1988), the determination of the amount of creditable jail time certainly involves discretion or judgment. Thus, mandamus is not proper.

Last, the majority's actual consideration of the mandamus and denial is unnecessary because the question is moot. The state filed a motion to dismiss the petition for writ of mandamus as moot and attached a certified copy of an order of the trial court denying motion for jail time filed below. This should end the matter for this court. The petition for writ of mandamus should be denied for want of jurisdiction or at the least dismissed as moot. The majority errs when they deny the writ on its alleged merits. I, therefore, respectfully dissent to the manner by which the majority disposes of this original proceeding.