Ralph Duke **FERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–88–00618–CR.

Court of Appeals of Texas, San Antonio.

July 31, 1989.

Richard E. Langlois, San Antonio, for appellant.

Fred G. Rodriguez, Mary Roman, Diane Cruz, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BIERY, Justice.

Pursuant to a plea agreement which was followed by the trial court, appellant, Ralph Duke Fernandez, Jr., was sentenced to fifty years in the Texas Department of Corrections for the felony offense of murder.

In his sole point of error, appellant contends that the trial court erred in refusing to give appellant credit for the twenty-six months he spent incarcerated in Mexico.

The evidentiary basis for appellant's contention is a formal bill of exception, approved by the trial court, which provides in pertinent part:

(1) Defendant was arrested on or about August 10, 1985 and charged by complaint with the felony offense of murder.

(2) Defendant was released on a bond pending trial.

(3) Defendant was indicted for murder by the Bexar County Grand Jury on October 31, 1985.

(4) Defendant appeared for a trial setting on April 14, 1986 but failed to reappear on April 18, 1986 for a pretrial hearing.

(5) Defendant again failed to appear for a scheduled trial setting on April 28, 1986 at which time the trial court declared a bond forfeiture and issued a warrant for defendant's arrest.

(6) Defendant was incarcerated in Piedras Negras, Mexico from April 26, 1986 through June 17, 1988.

(7) Defendant was returned to Bexar County Jail on June 17, 1988 after his release by Mexican authorities.

(8) The trial court refused to give defendant credit on his sentence for the time spent incarcerated in Mexico.

(9) A warrant was active for defendant's arrest and Mexican authorities were informed of the outstanding warrant.

The State contends that TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979) prevents the appellant from bringing this appeal.[1] Pursuant to the adoption of the Rules of Appellate Procedure, the Texas Court of Criminal Appeals repealed the proviso portions of art. 44.02. TEX.R. APP.P. 40(b)(1) provides:

[A notice of appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment ... but if the judgment was rendered upon his plea of guilty or nolo contendere ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred *prior to* entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. (emphasis added)

In the instant case, appellant's point of error complains of a decision made by the trial court *after* the entry of the plea of guilty. Therefore, we hold that TEX.R. APP.P. 40(b)(1) does not preclude us from

1. Article 44.02 provided that: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial."

reviewing appellant's point of error. *Garcia Rodriguez v. State,* 750 S.W.2d 906, 909 (Tex.App.—Corpus Christi 1988, pet. ref'd).

■ In order for a defendant to receive credit for time served in another jurisdiction under TEX.CODE CRIM.PROC.ANN. art. 42.03 § 2(a) (Vernon Supp.1989), he must establish that a detainer or hold was actually lodged with the other jurisdiction for the indictment or charges from which the subsequent conviction resulted. *Nixon v. State,* 572 S.W.2d 699, 701 (Tex.Crim. App.1978); *Vega v. State,* 675 S.W.2d 551, 554 (Tex.App.—Houston [14th Dist.] 1984, no writ). The extradition of fugitives from one country to another is a creation of treaty and is governed by the terms of extradition treaties between individual sovereign nations. *Factor v. Laubenheimer,* 290 U.S. 276, 287, 54 S.Ct. 191, 78 L.Ed. 315 (1933); *United States v. Rauscher,* 119 U.S. 407, 7 S.Ct. 234, 236, 30 L.Ed. 425 (1886); *Gaines v. State,* 95 Tex.Crim. 368, 251 S.W. 245, 247 (1922).

The present treaty of extradition between the United States and Mexico became effective January 25, 1980. Treaty of Extradition, May 4, 1978, United States-Mexico, 31 U.S.T. 5059, T.I.A.S. No. 9656. Article 10 of the treaty sets out the procedural requirements for extradition. Among the documents required to accompany the request for extradition, which must be made through "diplomatic channels," is a certified copy of the warrant of arrest.

■ The mere fact that the Mexican authorities were "informed" at some unspecified time, by some unspecified person or persons that the appellant was sought under an outstanding arrest warrant is no proof that a detainer or hold was lodged against the appellant under the only valid procedure for obtaining his extradition. There is no evidence in the record showing that a warrant for appellant's arrest was delivered to Mexican authorities through diplomatic channels and that he was actually held or restrained under such a warrant. Indeed, the bill of exceptions approved by appellant affirmatively shows that he was in the custody of Mexican authorities for two days before the Texas bond forfeiture warrant was ever issued.

The cases relied upon by appellant are distinguishable. In *Ex parte Pizzalota,* 610 S.W.2d 486 (Tex.Crim.App.1980), the defendant sought credit for service in a federal penitentiary towards his Texas conviction. Pizzalota was able to produce a letter from federal authorities acknowledging the filing of a warrant with them by state authorities. *Pizzalota,* 610 S.W.2d at 488. Since Pizzalota was unable to establish when the warrant was filed or lodged, he received credit only for time from the first evidence (the letter) of the hold actually being in existence. *Id.* In *Ex parte Hernandez,* 758 S.W.2d 594, 597 (Tex.Crim. App.1988), New Mexico honored a detainer in the form of a letter from Texas authorities.

In the instant case, there is no indication when the Mexican authorities were "informed" that an outstanding warrant existed for the appellant. There is no indication that a detainer or a written or even oral request was made to hold the appellant for the charges in the instant case. There is no indication that the Mexican authorities honored such a request, if any. Appellant has therefore failed to establish that he was actually confined by Mexican authorities as a result of a hold or detainer based on the charge in the instant case. Further, appellant has not shown that the terms of the extradition treaty with Mexico were fulfilled. The point of error is overruled.

The judgment of the trial court is affirmed.