COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

RICHARD
GARCIA,                                            )                    No. 
08-01-00154-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      243rd District Court

                                                                              )

THE STATE OF TEXAS,                                     )                   of El Paso County, Texas

                                                                              )

Appellee.                           )                              (TC# 55123)

 

O
P I N I O N

 

Richard
Garcia appeals from the sentence imposed following revocation of his community
supervision.  In his sole issue on
appeal, Appellant contends that he is entitled to additional credit for time
served.  We affirm.

FACTUAL SUMMARY








Appellant
waived his right to a jury trial and on May 25, 1989, entered a negotiated plea
of guilty to the offense of burglary of a habitation. In accordance with the
plea bargain, the trial court assessed punishment at a fine of $350 and
imprisonment for a term of ten years but suspended the sentence and placed
Appellant on community supervision for ten years.  The State filed a motion to revoke on May 9,
1996.  Appellant was arrested in
California on July 22, 1998.  The State
of Texas, however, did not serve a detainer on him
until August 22, 2000.  Garcia testified
at the revocation hearing that he believed Texas and California authorities had
been aware since August 1, 1998 of his incarceration in California.  Following his return to Texas, Appellant
entered a negotiated plea of true to the revocation motion.  Pursuant to the plea bargain, the trial court
reduced Appellant=s
original sentence to imprisonment for a term of five years.  Initially, the trial court credited Appellant
with 95 days served but later entered a judgment nunc
pro tunc giving him 306 days credit for time
served since August 22, 2000.  

CREDIT FOR TIME SERVED

In
his sole issue, Appellant argues that he should be given credit for time served
from August 1, 1998 through August 22, 2000.  He acknowledges that the detainer
was not placed on him by Texas until August 22, 2000, but contends that the
State had known since August 1, 1998 that he was incarcerated in
California.  The State responds that
Appellant is entitled to credit only for the time served from August 22, 2000,
the date on which the detainer request was lodged
against him with California authorities, through March 23, 2001, the date of Appellant=s
sentencing.  

Article
42.03, ' 2(a) of
the Texas Code of Criminal Procedure governs the trial court=s obligation to give the defendant
credit for time served:

In all criminal
cases the judge of the court in which the defendant was convicted shall give
the defendant credit on his sentence for the time that the defendant has spent
in jail in said cause, other than confinement served as a condition of
community supervision, from the time of his arrest and confinement until his
sentence by the trial court.  [Emphasis
added].

 

Tex.Code Crim.Proc.Ann.
art. 42.03, '
2(a)(Vernon Supp. 2002).








Pursuant
to Article 42.03, ' 2(a), a
defendant is entitled 
to credit for all time spent in jail Aon
said cause.@  See Ex parte Bynum, 772 S.W.2d 113, 114 (Tex.Crim.App.
1989).  Entitlement to jail time
credit may be based upon either actual or constructive custody.  Ex parte
Hudson, 655 S.W.2d 206, 208 (Tex.Crim.App. 1983).  When a person having a criminal case in one
jurisdiction is confined--either physically or constructively--by another
jurisdiction, he is confined Aon
said cause@ only if
a detainer or Ahold@ is lodged against him by the first
jurisdiction.  Bynum, 772 S.W.2d at 114. 
The rationale for allowing a time credit under a detainer
is that the hold results in a Achange
in the basis for (a prisoner=s)
confinement.@  Bynum, 772 S.W.2d at 115; see Ex parte Alvarez, 519 S.W.2d 440, 443 (Tex.Crim.App.
1975).  In these types of cases, it is
not the fact that the individual is currently serving a term in a penal
institution which determines whether credit should be given; rather, it is the
fact that another jurisdiction has chosen to lodge a hold against the
individual.   Bynum,
772 S.W.2d at 115; Ex parte Newell, 582 S.W.2d
835, 836 (Tex.Crim.App. 1979).  

In
support of his argument, Appellant cites Ex parte
Hernandez, 758 S.W.2d 594, 596-97 (Tex.Crim.App.
1988) and Ex parte Pizzalota,
610 S.W.2d 486, 488 (Tex.Crim.App. 1980).  Both of these cases address whether a
defendant should be given credit for time served while under a detainer or a Ahold,@ not where the State simply has
knowledge that a defendant it seeks is incarcerated in another
jurisdiction.  Neither case suggests that
constructive custody would exist under these facts.  Further, the rationale in Bynum does
not support extending constructive custody to these facts since Texas=s alleged knowledge of Appellant=s incarceration in California does not
result in a change in the basis for his confinement.  Bynum, 772 S.W.2d at
115.  Texas did not gain
constructive custody of Appellant until August 22, 2000, when it placed the detainer upon him. 
See Hernandez, 758 S.W.2d at 596-97; Pizzalota, 610 S.W.2d at 488; Newell, 582
S.W.2d at 836.  Accordingly, the trial
court correctly calculated the time credit to Appellant.  We overrule Issue One and affirm the judgment
of the trial court.

 

June 13, 2002

                                                                         


ANN CRAWFORD McCLURE, Justice

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)