

IN THE
TENTH COURT OF APPEALS

_____

No. 10-09-00082-CR

IN RE RICHARD FRANKLIN

_____

Original Proceeding

MEMORANDUM OPINION

Richard Franklin seeks by mandamus to compel the trial court to withdraw its denial of Franklin's request, via a motion for judgment nunc pro tunc, for pre-sentence jail credit. The petition is denied.

At the outset, we note that Franklin served the wrong trial court judge with his petition. *See* TEX. R. APP. P. 9.5; 52.2. Franklin served the former judge of the 87th District Court, H.D. Black. Patrick Simmons is now the judge of the 87th District Court and was the judge who signed the order denying Franklin's request. This procedural deficiency is not, however, the reason that we are denying the petition. Traditionally, we would notify Franklin of the deficiency with service of the petition and allow him the opportunity to correct the problem. However, because we deny the petition on the merits, we use Rule 2 to suspend the operation of the service requirements and proceed to a disposition in this proceeding. *See* TEX. R. APP. P. 2.

Franklin was arrested on October 8, 2004 for the manufacture or delivery of methamphetamine in the amount of 4 grams or more but less than 200 grams.  He was released on bond the next day.  While out on bond, he was arrested on January 12, 2005 for the manufacture or delivery of methamphetamine in the amount of one gram or more, but less than four grams.  This time, he remained in jail until he was sentenced on both offenses on March 7, 2006.  According to the trial court's Order on Nunc Pro Tunc, there was no surrender of surety for the first offense.

Franklin received time credit for the first offense for the one day he was in jail before he was released on bond.  In his motion for judgment nunc pro tunc, he requested additional credit on the first offense for the time spent in jail prior to sentencing on the second offense.  The trial court denied this request.  We agree with the trial court.

The Code of Criminal Procedure provides that "[i]n all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent: (1) in jail *for the case*, . . . from the time of his arrest and confinement until his sentence by the trial court; . . ." TEX. CODE CRIM. PROC. ANN. art. 42.03, sec. 2(a)(1) (Vernon Supp. 2008) (emphasis added).  The Court of Criminal Appeals has interpreted similar language, "*in said cause*," from the previous version of 42.03 to mean that jail credit must be awarded in each case that was *an independent and sufficient cause of detention*.  *Ex parte Crossley*, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979) (emphasis added); *see also Ex parte Alvarez*, 519 S.W.2d 440, 442 (Tex. Crim. App. 1975).  In *Crossley*, the appellant had been given a personal bond on a motion to revoke months before he was indicted for an unrelated

burglary.  There was no showing that the bond was revoked.  The Court of Criminal Appeals concluded that "Presumably, if the burglary indictment had been dismissed or the appellant acquitted, the personal bond would have been still in effect and the applicant would have been released on it.  There is nothing to show that the motion to revoke 'would . . . have prevented petitioner's lawful release from custody by the . . . custodian upon an acquittal in the (burglary) case.'  *Ex parte Alvarez*, 519 S.W.2d 440, 443 (Tex.Cr.App.1975)."  *Id.*

The same holds true in this proceeding.  There is nothing to show that had the second drug offense been dismissed or Franklin acquitted, the bond on the first offense would not have been effective and that Franklin would not have been released on it.  Further, we believe that even though the language of the statute has changed somewhat, that the phrase "for the case" still means that jail credit must be awarded in each case that was *an independent and sufficient cause of detention.*  Not having anything in the record in this proceeding to show that Franklin was being held on the first offense, we cannot say that the trial court abused its discretion in denying Franklin's motion for judgment nunc pro tunc for extra pre-sentence jail credit.

Accordingly, Franklin's petition is denied.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
 Justice Reyna, and
 Justice Davis
Petition denied
Opinion delivered and filed April 29, 2009
Do not publish
[OT06]