IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-28,759-04






EX PARTE MORGAN ASHBY HARRIS JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12622 IN THE DISTRICT COURT


OF CHEROKEE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a motor vehicle and sentenced to ten years' imprisonment and a ten-thousand dollar fine. The
Twelfth Court of Appeals affirmed his conviction. Harris v. State, No. 12-96-00309-CR (Tex.
App.-Tyler, delivered December 31, 1997). 

 Applicant is currently being held by TDCJ for this cause. He contends that he is entitled to
time credit for time spent in federal custody on an unrelated charge and therefore his sentence has
been discharged. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte
Pizzalota, 610 S.W.2d 486 (Tex. Crim. App. 1980). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin date, when Applicant was taken into TDCJ custody, 
the dates of any mandatory supervision release or parole release, the dates of any revocation of such
releases, the dates of any detainers placed by TDCJ on Applicant while he was in federal custody,
and the release dates of such detainers. The affidavit should state whether or not Applicant is
receiving credit for any time spent outside of TDCJ's physical custody, including any time spent on
mandatory supervision, or when he was in federal custody pursuant to a TDCJ detainer. Finally, the
affidavit should indicate whether or not Applicant has submitted his claim to the time credit
resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. It appears that
Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if
Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is receiving the proper time credit on his
sentence from TDCJ. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 16, 2009

Do not publish