COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JUAN GONZALEZ, | | No. 08-10-00130-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 168th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20060D02112) |
| | § | |

## O P I N I O N

Juan Gonzalez pled guilty to one count of aggravated sexual assault of child. The trial court accepted his plea and sentenced him to six years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. Appellant was granted 504 days of time credit toward his sentence. In a single issue, he complains that the trial court erred in refusing to award additional credit for time spent in federal custody following his indictment and the issuance of a capias in this cause.

### FACTUAL BACKGROUND

On May 3, 2006, Appellant was indicted for aggravated sexual assault of a child. He accepted a plea agreement to the offense. In a hearing on March 25, 2010, the trial court initially told Appellant he was entitled to credit from the date of the arrest--July 27, 2009--until the hearing date, which was a total of 242 days. Appellant claimed he was entitled to credit for a 48-month federal sentenced he served. In support of this contention, defense counsel argued that Appellant was entitled to credit from the date the State knew where he was. The court disagreed and allowed a recess so that Appellant and his attorney could discuss his plea decision.

After the recess, the court informed Appellant that it appeared a detainer was issued on

November 7, 2008. Accordingly, the judge adjusted the time credit to 504 days. The trial court then asked if Appellant wished to go forward with his guilty plea. Appellant pled guilty and was sentenced to six years' imprisonment.

## ANALYSIS

In his sole issue for review, Appellant contends the trial court erred by refusing to award him additional time credit toward his sentence for time served in federal custody. Article 42.03, Section 2 of the Texas Code of Criminal Procedure provides:

> (a) In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent:
>
>> (1) in jail *for the case*, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court. [Emphasis added].

TEX.CODE CRIM.PROC.ANN. art. 42.03 § 2(a)(1) (West Supp. 2010). Under Texas law, entitlement to time credit may be based on either actual or constructive custody. *Ex parte Hudson*, 655 S.W.2d 206, 208 (Tex.Crim.App. 1983). When a person is confined, either physically or constructively, by another jurisdiction, he is confined on "said" cause only if a detainer or "hold" is lodged against him by that jurisdiction. *Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex.Crim.App. 1989)(op. on reh'g); *see also Ex parte Alvarez*, 519 S.W.2d 440, 443 (Tex.Crim.App. 1975)(holding that the time spent by the petitioner in a Harris County jail for an offense in that county was not time spent in jail "in said cause" with respect to his conviction in Nueces County because the "[c]redit for jail time against the Nueces County conviction depends entirely upon petitioner being in jail in that cause" and therefore the court ruled that the petitioner was not entitled to jail time credit against his conviction in Nueces County). The rationale allowing for a time credit under a detainer is that the hold results in a "change in the basis for (a prisoner's) confinement." *Bynum*, 772 S.W.2d at 115; *Ex parte Alvarez*,

519 S.W.2d at 443. In such cases, it is not whether the individual is currently serving a term in a penal institution that determines if credit should be given, but whether another jurisdiction has chosen to lodge a hold against the individual. *Id*.

In what he characterizes as an issue of first impression, Appellant maintains that the District Attorney had a ministerial duty to issue the detainer once the State learned he was confined by another jurisdiction. But the State's knowledge of Appellant's incarceration on a separate federal offense does not result in a change in the basis for his confinement, nor does it alter his status. *See Acosta v. State*, No. 08-01-00509-CR, 2003 WL 22451496 *3 (Tex.App.--El Paso Oct. 28, 2003, no pet.); *Bynum*, 772 S.W.2d at 115.

Although Appellant relies on *Ex parte Hale*, 117 S.W.3d 866 (Tex.Crim.App. 2003) and *Ex parte Rowe*, 277 S.W.3d 18 (Tex.Crim.App. 2009), his reliance is misplaced. *Ex parte Hale* dealt the with the issue of whether an applicant "should be given credit on a subsequent sentence for the time during which he was erroneously released on mandatory supervision when he should have continued to be imprisoned under the previous sentence." *Ex parte Hale*, 117 S.W.3d at 867. Similarly, in *Ex parte Rowe*, an applicant argued that he was, " improperly denied credit toward the expiration of his sentence for the period of time when he was erroneously released from custody through no fault of his own." *Ex parte Rowe*, 277 S.W.3d at 18.

The record reveals no evidence of a detainer prior to November 7, 2008, and therefore Appellant was not confined "in this case" prior to that date. Accordingly, the trial court properly calculated the time credit to Appellant. While we find defense counsel's argument of a ministerial duty intriguing, we leave changes in the law to the Legislature and the Texas Court of Criminal Appeals. We overrule Issue One and affirm the trial court's judgment.

June 8, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)