PD-0059&0060-15

PD-0059-15 & PD-0060-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/15/2015 10:54:54 AM
Accepted 1/21/2015 3:00:59 PM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

## PD-_____-15
## PD-_____-15

# *Matthew James Ayers, Appellant,*
# *v.*
# *State of Texas, Appellee.*

**On Discretionary Review from
No. 05-13-01068-CR & 05-13-01069-CR
Fifth Court of Appeals, Dallas**

**On Appeal from No. F03-01252 & F03-01253
Criminal District Court No. 4, Dallas County**

# Motion to Extend Time to File Petition for Discretionary Review

**Michael Mowla
445 E. FM 1382 #3-718
Cedar Hill, Texas 75104
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

January 21, 2015

ABEL ACOSTA, CLERK

**To the Honorable Judges of the Court of Criminal Appeals:**

Appellant Matthew James Ayers moves for an extension of time of **30 days** to file a petition for discretionary review:

1. On December 31, 2014, in *Ayers v. State*, 05-13-01068-CR and 05-13-01069-CR (Tex. App. Dallas, December 31, 2014), the Court of Appeals affirmed the judgments of conviction and sentences of the Criminal District Court No. 4 under Cause Numbers F03-01252 and F03-01253. **See Exhibit 1.**

2. The petition for discretionary review is due on **January 30, 2015**.

3. For good cause, Appellant asks for an extension of 30 days until **March 1, 2015** to file the petition for discretionary review.

4. No previous extension to file the petition for discretionary review has been filed.

5. Appellant relies on the following facts as good cause for the requested extension: undersigned counsel Michael Mowla just completed a petition for writ of certiorari in *Victorik v. Texas* and a Petition for Discretionary Review in *Johnson v. State*, PD-1542-14.

6. Further, Mowla has the following briefs, petitions for discretionary review, or other pleadings due soon:

   - Response to Motion for Summary Judgment in *Burress v. Blake, et al*, 4-14-cv-00035-RAS-DDB, Eastern District of Texas, due on January 20, 2015.

- Appellant's Brief in *Von Tungeln v. State*, 10-14-00329-CR, Tenth Court of Appeals, due on January 20, 2015.

- Petition for Discretionary Review in *Thompson v. State*, PD-1591-14, due on January 30, 2015.

- Appellant's Brief due in *Williams v. State*, 05-14-01481-CR and 05-14-01482-CR, Fifth Court of Appeals, due on February 8, 2015.

- Appellant's Brief due in *King v. State*, 05-14-01138-CR, Fifth Court of Appeals, due on February 21, 2015.

7.      In addition, Mowla continues to work on a federal habeas corpus death penalty case, *Jones v. Stephens*, 4:05-CV-638-Y, and is presently working on the Reply in this case, due on February 5, 2015.

8.      Mowla also continues to work on several habeas cases involving the underlying issue in *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

9.      This Motion is not filed for purposes of delay, but so that justice may be served.

**Prayer**

Appellant prays that this Court grant this motion for an extension of time to file a petition for discretionary review.

Respectfully submitted,

Michael Mowla
445 E. FM 1382 #3-718
Cedar Hill, Texas 75104
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant

**/s/ Michael Mowla**
By: Michael Mowla

## Certificate of Service

I certify that on January 15, 2015, a true and correct copy of this document was served on Lori Ordiway, Michael Casillas, and Lisa Smith of the District Attorney's Office, Dallas County, Appellate Division, by email to lori.ordiway@dallascounty.org, michael.casillas@dallascounty.org, and lisa.smith@dallascounty.org, and on Lisa McMinn, the State Prosecuting Attorney, by email to Lisa.McMinn@spa.texas.gov, and John Messinger, Assistant State Prosecuting Attorney, by email to john.messinger@spa.state.tx.us. *See* Tex. Rule App. Proc. 9.5 (2015) and 68.11 (2015).

**/s/ Michael Mowla**
By: Michael Mowla

# EXHIBIT 1

**AFFIRM; and Opinion Filed December 31, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-01068-CR**

**No. 05-13-01069-CR**

**MATTHEW JAMES AYERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F-0301252-K & F-0301253-K**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice O'Neill

Appellant Matthew James Ayers appeals the trial court's judgments adjudicating his guilt for manslaughter and aggravated assault. In two issues, appellant contends (1) his manslaughter conviction is "void," and (2) the trial court erred in failing to give him credit against his sentences for time he was incarcerated serving sentences for two other cases. For the following reasons, we affirm the trial court's judgments.

In 2004, appellant pleaded guilty to manslaughter for recklessly causing the death of Sandra Escamilla when he, while intoxicated, ran through a red light in excess of the speed limit, causing a multi-vehicle accident. Appellant also pleaded guilty to aggravated assault for critically injuring another person in the same collision. Finally, appellant also pleaded guilty to failing to stop and render aid to the two victims.

Pursuant to a plea bargain agreement, the trial court placed appellant on deferred adjudication probation in the manslaughter and aggravated assault cases, but convicted him in the failure to stop and render aid cases and sentenced him to five-years in prison in each of those cases.

In 2013, appellant was arrested for driving while intoxicated. The State filed motions to adjudicate appellant's guilt alleging he violated the conditions of his community supervision by committing the new offense and also by failing to submit to random urine testing. Appellant pleaded true to the allegations in the State's motions. Following a hearing, the trial court found the allegations in the motions true, adjudicated appellant guilty of the offenses, and sentenced him to twenty years' confinement in each case. Appellant appeals.

In his first issue, appellant requests that we "strike" the order placing him on deferred adjudication probation for manslaughter and the judgment adjudicating his guilt for that offense. Appellant acknowledges his complaint is directed toward the original deferred adjudication proceedings and he must therefore show his manslaughter conviction is void. *See Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). To make this showing, appellant presents a somewhat convoluted argument asserting that because he "should" have been convicted of "intoxication" manslaughter, and he was not eligible for deferred adjudication for that offense, the order placing him on deferred adjudication community supervision is void, which in turn rendered his manslaughter conviction void. *See* TEX. CRIM. PROC. CODE ANN. art. 42.12, § 5(d)(1)(A) (West Supp. 2014) (trial court may not grant deferred adjudication for intoxication manslaughter); *but see ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001) (grant of unauthorized regular community supervision does not constitute a void sentence); *see also Wright v. State*, No. 05-02-00233-CR, 2003 WL 21223294, at *2 (Tex. App. —Dallas, May 28, 2003, no pet.) (not designated for publication).

–2–

However, appellant did not plead guilty to intoxication manslaughter, was not placed on deferred adjudication for intoxication manslaughter, and appellant was not convicted of that offense. Therefore, whether the trial court would have been "authorized" to place him on probation for that offense or whether the evidence would support a conviction for that offense is irrelevant.[1] Instead, the only question is whether appellant has shown his conviction for manslaughter was void. The only basis appellant sets forth to meet this burden is his contention that there is "no evidence" to show he committed that offense because the State failed to show he acted "recklessly." *Ervin v. State*, 991 S.W.2d 804, 806 (Tex. Crim. App. 1999) (manslaughter requires "recklessness," but intoxication manslaughter does not). To show a conviction is void on the basis "no evidence," there must be a "complete lack of evidence to support the conviction, not merely insufficient evidence." *See Nix*, 65 S.W.3d at 668 n.14. A guilty plea constitutes some evidence for this purpose. *Id*. Here, appellant not only pleaded guilty to manslaughter, he also judicially confessed to that offense. Consequently, appellant's conviction was not void. We resolve the first issue against appellant.

In his second issue, appellant asserts the trial court erred in failing to give him pre-sentence jail time credit for the time he was incarcerated serving his sentences for the two failure to stop and render aid cases. The State asserts appellant waived any error by failing to object under rule 33.1(a) of the rules of appellate procedure. *See* TEX. R. APP. P. 33.1(a); *but see McGregor v. State*, 145 S.W.3d 820, 822 (Tex. App.—Dallas 2004, no pet.) (appellant need not object to trial court's failure to properly credit time served). The Court of Criminal Appeals has

---

[1] We note that both "regular" manslaughter and "intoxication" manslaughter are second-degree felonies. *See* TEX. PENAL CODE ANN. § 19.04(b) (West 2011); Tex. Penal Code Ann. § 49.08(b) (West 2011). Both carry the same range of punishment, but intoxication manslaughter carries additional consequences. *See Harris v. State*, 34 S.W.3d 609, 613 (Tex. App.—Waco 2000, pet ref'd). Therefore, if anything, intoxication manslaughter is the more serious offenses. *See id*. Here, appellant agreed to plead guilty to regular manslaughter and accepted the benefits of the plea agreement that gave him the opportunities associated with deferred adjudication probation. Only after the trial court's adjudication of guilt did appellant complain he was not eligible for deferred adjudication probation. The Court of Criminal Appeals has held that a defendant who has agreed to and benefitted from an illegal sentence is estopped from collaterally attacking a judgment on the basis that the sentence was illegal. *Rhodes v. State*, 240 S.W.3d 882, 892 (Tex. Crim. App. 2007); *See also Ex parte Williams*, 65 S.W.3d 656, 660 (Tex. Crim. App. 2001) (Keller, J. concurring) (defendant who accepted benefits of plea agreement granting probation should be estopped from complaining that trial court lacked authority to place him on probation when that probation is later revoked).

held a defendant may "affirmatively waive" his statutory right to pre-sentence jail time credit if the record supports that a waiver occurred. *Collins v. State*, 240 S.W.3d 925, 929 (Tex. Crim. App. 2007) (citing *ex parte Olivares*, 202 S.W.3d 771, 772–73 (Tex. Crim. App. 2006). We need not decide whether preservation was required because, even if appellant can raise this issue for the first time on appeal, he has not shown the trial court erred.

Here, appellant is seeking credit for time he served in prison serving sentences in two other, albeit related, cases. Appellant acknowledges his entitlement to time served is governed by Article 42.03, § 2(a)(1) which provides, "[i]n all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for *the case* . . . from the time of his arrest and confinement until his sentence by the trial court . . .." TEX. CRIM. PROC. CODE ANN. art. 42.03, § 2(a)(1) (West 2011) (emphasis added).

According to appellant, he is entitled to any time spent "actually incarcerated from the date of his 'arrest' and the date of his 'sentencing.'" Article 42.12, section 2(a)(1), however, only allows for credit for time a defendant was in jail for the same case in which he is seeking credit. *Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd); *see also ex parte Crossley*, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979); *ex parte Alvarez*, 519 S.W.2d 440, 443 (Tex. Crim. App. 1975). We reject appellant's assertion he was "effectively" in custody "for" the deferred adjudication orders because those orders operated as a "detainer" on him. To support this assertion, he relies on *Ex parte Jasper*, 538 S.W.2d 782, 785 (Tex. Crim. App. 1976). In that case, the Court of Criminal Appeals held a defendant is entitled to credit for time served in another jurisdiction after the State of Texas placed a detainer on the defendant. *Jasper*, 538 S.W.2d at 785. The rationale for allowing a time credit under such circumstances is that the detainer provides an independent basis for the defendant's confinement. *See Ex parte Bynum*,

772 S.W.2d 113, 115 (Tex. Crim. App. 1989); *see Alvarez*, 519 S.W.2d at 443. Here, the orders placing appellant on deferred adjudication did not provide a basis for his confinement, and he was released after serving his sentences notwithstanding those orders. *See Crossley*, 519 S.W.2d at 546 (defendant not entitled to pre-sentence jail credit for time he was in jail on another offense in which the State had filed a motion to revoke probation because the motion to revoke would not have prevented appellant's release from custody). Consequently, the orders did not operate as a "detainer" on appellant.

Finally, we note that throughout this issue appellant suggests he was entitled to credit because the failure to stop and render aid cases arose out of the "same criminal episode" as the manslaughter and aggravated assault cases. But article 42.12, section 2(a)(1) requires credit for time served for "the case," not for offenses arising out of the same criminal episode. *See* TEX. CODE CRIM. PRO. ANN. ART. 42.12, § 2(a)(1); *cf. Collins*, 318 S.W.3d at 473; *see also Alvarez,* 519 S.W.2d at 443; *Crossley*, 586 S.W.2d at 546; *compare* TEX. PEN. CODE ANN. § 3.03 (West 2011) (providing for concurrent sentences for certain offenses arising out of the "same criminal episode.") We conclude appellant was not entitled to credit for the time he was incarcerated serving his sentences in the failure to stop and render aid cases. We resolve the second issue against appellant.

We affirm the trial court's judgments.

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131068F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW JAMES AYERS, Appellant

No. 05-13-01068-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F-0301252-K.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of December, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW JAMES AYERS, Appellant

No. 05-13-01069-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F-0301253-K.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of December, 2014.